1  SHAWN N. ANDERSON
   United States Attorney
2  MIKEL W. SCHWAB
   Chief, Civil Division
3  JESSICA F. WESSLING
   Assistant U.S. Attorney
4  108 Hernan Cortez Ave., Ste. 500
   Hagåtña, Guam 96910
5  PHONE: (671) 472-7332
   FAX: (671) 472-7215
6
   Attorneys for the United States of America
7

**FILED**
Clerk
District Court

APR 22 2019

for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

8

9  UNITED STATES OF AMERICA          CIVIL CASE NO._____  CV 19-00009

10                  Plaintiff,

11          vs.                                  **COMPLAINT**

12  NORTHPAC CORPORATION,

13                  Defendant.

14

15          COMES NOW Plaintiff, UNITED STATES OF AMERICA, on behalf of the United

16  States Department of Labor, Occupational Safety and Health Administration ("OSHA"), and

17  hereby files its original complaint to collect civil money penalties ("CMPs") against defendant,

18  NORTHPAC CORPORATION ("Defendant"), individually and in any other name under which

19  the company conducts business in this judicial district.  The purpose of this civil action is to

20  collect delinquent debts totaling $39,849.19 as of April 10, 2019, arising from CMPs imposed by

21  OSHA on Defendant for violations of the Occupational Health and Safety Act of 1970, 29

22  U.S.C. § 651 *et seq.* (hereinafter, the "Act") and OSHA regulations at 29 C.F.R. Part 1926.

23                          **JURISDICTION AND VENUE**

24          1.  This action arises under the Federal Debt Collections Procedures Act ("FDCPA"),

1

1  28 U.S.C. § 3001 *et seq.*  This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355 and 29

2  U.S.C. § 666(l).

3    2.  Venue is proper, pursuant to 28 U.S.C. §1391(b), in this judicial district for the

4  reason that Defendant's principal office is located in Saipan, Commonwealth of the Northern

5  Mariana Islands, Defendant is doing business in this judicial district, and the actions complained

6  of herein were taken by Defendant in this judicial district.  Defendant can be served at its

7  principal place of business located at: Dandan Rd., San Vicente Village, P.O. Box 501031,

8  Saipan, MP 96950.

9                                   **PARTIES**

10    3.  Plaintiff is the United States of America in its own right and on behalf of OSHA,

11  which at all times relevant hereto, was an agency of the United States responsible for the

12  enforcement of the Act.

13    4.  The Defendant has conducted business and the acts complained of herein and for

14  which the enforcement of the CMPs is sought within this judicial district.  During times material

15  to this civil action, upon information and belief, Defendant has operated its general construction

16  business under "Northpac Corporation[1]."  At all times pertinent, the Miguel Cruz was the

17  General Manager of Defendant.

18                                   **COUNT I**
                          **OSHA Inspection Number 930163**
19                          **Inspection Date: August 16, 2013**

20    5.  On August 16, 2013, OSHA officials conducted a safety inspection  of Defendant's

21  job site at Army Reserve Center Parking Lot Partition Fence Project, located in the Village of

22  Puerto Rico, Saipan, MP.

23    6.  On or about November 12, 2013, OSHA issued a Citation and Notification of Penalty

24

[1] Northpac is sometimes referred to as "North Pac Corporation" in agency records.

2

1    and a Debt Collection Notice to Defendant regarding Inspection Number 930163.  Exhibit No. 1.

2    OSHA officials issued Defendant citations for numerous violations of the Act (Exhibit No. 1)

3    including:

    a.  Citation 1, Item 1: Violation of 29 C.F.R. § 1910.1200(g)(1) for the failure to
have material safety data sheets in the workplace for hazardous chemicals.
Exhibit No. 1, p. 6. Type of violation: Serious.

    b.  Citation 1, Item 2: Violation of 29 C.F.R. § 1926.20(b)(3) for using electrical
equipment that was not in compliance with any applicable requirement of this
part, and electrical equipment that were not identified as unsafe by tagging,
locking the controls to render them inoperable or by removal from the place of
operation. Exhibit No.  1, p. 7. Type of violation: Serious.

    c.  Citation 1, Item 3a: Violation of 29 C.F.R. § 1926.21(b)(2) for failing to
ensure employees and the foreman were instructed on the use of fire
extinguishers or other fire extinguishing methods and for failing to provide 55
gallon drums of water with pails and hoses connected to water spigots that
could reach the combustible material onsite. Exhibit No. 1, p. 8.  Type of
violation: Serious.

    d.  Citation 1, Item 3b: Violation of 29 C.F.R. § 1926.150(c)(1)(i) for failing to
have a fire extinguisher onsite or within 100 feet of the protected building area
and for failing to provide 55 gallon drums of water with pails and hoses
connected to water spigots that could reach the combustible material onsite.
Exhibit No. 1, p. 9. Type of violation: Serious.

    e.  Citation 1, Item 4: Violation of 29 C.F.R. § 1926.50(c) for the failing to have
a person on the work site certified in first-aid training from the U.S. Bureau of
Mines, the American Red Cross, or equivalent training, where the nearest
medical treatment facility was more than four minutes from the project.
Exhibit No. 1, p. 10.  Type of violation: Serious.

    f.  Citation 1, Item 5: Violation of 29 C.F.R. § 1926.95(a) for failing to use eye
protection or face shields while installing coiled up barbed wire on top of the
cyclone fence. Exhibit No. 1, p. 11. Type of violation: Serious.

    g.  Citation 1, Item 6: Violation of 29 C.F.R. § 403(b)(2) for failing to install and
use listed, labeled, or certified equipment in accordance with instructions,
where a metal electrical box designed to be mounted laid on the ground while
providing power to a 110 VAC Black & Decker drill used to drill holes in a
PVC drain pipe. Exhibit No. 1, p. 12. Type of violation: Serious.

    h.  Citation 1, Item 7: Violation of 29 C.F.R. § 1926.405(b)(1) where a 0.5 inch
plug was missing in the electrical box that provided power to a 110 VAC
Black & Decker drill used to drill holes in a PVC drain pipe. Exhibit No. 1, p.
13. Type of violation: Serious.

    i.  Citation 1, Item 8: Violation of 29 C.F.R. § 1926.1053(b)(13) where
employees were on the top and top step of a four-foot high job-made
stepladder and a six-foot stepladder while tying barbed wire to the top of the
cyclone fence. Exhibit No. 1, p. 14. Type of violation: Serious.

    j.  Citation 1, Item 9: Violation of 29 C.F.R. § 1926.1060(a)(1)(iii) for failing to
ensure that each employee was trained by a competent person in the proper

3

construction, use, placement, and care in handling all stairways and ladders. Exhibit No. 1, p. 15.  Type of violation: Serious.

k.  Citation 2, Item 1: Violation of 29 C.F.R. § 1910.1200(e)(1) for failing to develop, implement, and maintain at each workplace, a written hazard communications program that at least described how the criteria specified in paragraphs (f), (g), and (h) of this section for labels and other forms of warning, material safety data sheets, and employee information and training were met. Exhibit No. 1, p. 16.  Type of violation: Repeat, as Defendant had previously been cited for a violation of this OSHA standard.

l.  Citation 2, Item 2: Violation of 29 C.F.R. 1910.1200(h)(1), referenced by 29 C.F.R. § 1926.59, for failing to provide effective information and training on Portland cement; employees did not know the hazards, personal protective equipment required, or first aid procedures in the event of contact. Exhibit No. 1, p. 17.  Type of violation: Repeat, as Defendant had previously been cited for a violation of this OSHA standard.

7.  On or about December 11, 2013, Defendant sent a letter to OSHA notifying the agency that the company would "like to exercise [its] rights to contest the various penalties under Inspection No. 930163 dated 08/16/2013."  Exhibit No. 2.

8.  On or about December 19, 2013, Defendant participated in an Informal Conference with OSHA.  On the same day, OSHA sent a letter to Defendant memorializing the tentative agreement reached by the parties regarding the "disputed citations, penalties and abatement dates." Pertinent Parts of December 19, 2013 letter attached as Exhibit No. 3.  An unsigned informal settlement agreement was attached to the letter.  *Id.*  The letter informed Defendant that the proposed informal settlement agreement must be signed, without change, and returned to OSHA on or before December 20, 2013.  *Id.*  Any change would render the proposed informal settlement agreement invalid unless the change was accepted by the Area Director of OSHA before the date of the final order.  *Id.*

9.  On or about March 10, 2014, OSHA sent a letter to Defendant informing the company that OSHA had not received a detailed letter of abatement explaining how each item listed in paragraph 5 was corrected and notifying Defendant that it had seven days from receipt of the letter to provide its abatement certification.  Exhibit No. 4.

4

1      10. On or about March 10, 2014, OSHA sent a collection letter to Defendant notifying the

2    company that payment of penalties associated with Inspection No. 930163 were delinquent and

3    demanding immediate payment of $16,036.67. Exhibit No. 5.

4      11. On or about May 12, 2014, OSHA's Delinquent Accounts and Collection Service

5    ("DACS") sent a collection letter to Defendant notifying the Defendant that its delinquent debt

6    had been referred to DACS for collections, that an administrative fee would be immediately

7    added to the account, that if the debt was not paid in full within 30 days the debt would be

8    referred to the Department of Treasury for collection, and that additional enforcement actions

9    may be pursued. *See* unsigned copy of May 12, 2014 collection letter attached as Exhibit No. 6.

10      12. On or about June 9, 2014, Defendant sent a letter to OSHA with questions and

11    changes to the proposed informal settlement agreement, along with a completed Certification of

12    Corrective Action Worksheet. Exhibit No. 7.

13      13. On or about June 27, 2014, OSHA sent a facsimile to Defendant informing the

14    company that OSHA did not receive a signed copy of the proposed informal settlement

15    agreement so it did not go into effect, and that the company may return a signed copy to be

16    countersigned by OSHA. Exhibit No. 8, pp. 2-4.

17      14. On or about July 5, 2014, Defendant sent a letter to OSHA objecting to Citation

18    1, Item 3a, and Citation 2, Item 1, and attaching a signed copy of the proposed informal

19    settlement agreement. Exhibit No. 8. Defendant's objection and change to the proposed

20    informal settlement agreement without the Area Director's acceptance rendered the agreement

21    invalid.

22      15. On or about July 14, 2014, OSHA sent a letter to Defendant acknowledging receipt of

23    the company's July 5, 2014 letter. Exhibit No. 9. The letter further notified the company that

24    the deadline to contest the citations and penalties expired on December 9, 2013, and thus the

1  citations and penalties were a final order of the Occupational Safety and Health Review

2  Commission ("Commission").  *Id.*

3      16. The citations and the assessments for Inspection Number 960163 are a final

4  order of the Commission.

5      17. As of the date of this complaint, defendant has not paid any amount of the penalty

6  assessed although demand has been duly made.  The amount due and outstanding for the

7  November 12, 2013 violations is $21,876.31, including interest at the rate of 1% and a

8  delinquency fee of 6% through April 10, 2019.

9                    **COUNT II**

10            **OSHA Inspection Number 1172199**
              **Inspection Date: August 25, 2016**

11

12      18. On August 25, 2016, OSHA officials conducted a safety inspection  of Defendant's

     job site at Building K, Northern Marianas College, Saipan MP.

13

14      19. On or about September 30, 2016, OSHA issued a Citation and Notification of Penalty

     and a Debt Collection Notice to Defendant regarding Inspection Number 1172199.  Exhibit No.

15

     10.  OSHA officials issued Defendant citations for numerous violations of the Act (Exhibit No.

16

     10) including:

17

18      a.  Citation 1, Item 1a: Violation of 29 C.F.R. § 1926.404(a)(2) where a job-made
            extension cord used to power a Dewalt battery charger and other power tools
            was wired in reverse polarity, exposing employees to an electrical hazard.
19          Exhibit No. 10, p. 6. Type of violation: Serious.

20      b.  Citation 1, Item 1b: Violation of 29 C.F.R. § 1926. 404(b)(1)(i) for failing to
            use either a ground fault circuit interrupter or an assured equipment grounding
            conductor program to protect employees from electrical hazards.  Exhibit No.
21          10, p. 7. Type of violation: Serious.

22      c.  Citation 1, Item 2: Violation of 29 C.F.R. § 1926.451(f)(14) where a job-made
            bench was used on top of the scaffolding for painting the eaves on the roof on
            a job-made bench, exposing the employees to a fall hazard. Exhibit No. 10, p.
23          8. Type of violation: Serious.

24      d.  Citation 2, Item 1: Violation of 29 C.F.R. § 1926.403(b)(2) for failing to
            install and use listed, labeled, or certified equipment in accordance with
            instructions where "a metal electrical box designed to be mounted in a wall

                                   6

was used on an extension cord to provide power tools on the construction site." Exhibit No. 10, p. 9. Type of violation: Repeat, as Defendant had previously been cited for a violation of this OSHA standard.

e. Citation 2, Item 2: Violation of 29 C.F.R. § 1926.405(b)(1) where a metal gang box was lying on the ground and connected to a black extension cord that had unused openings, exposing employees to electrical hazards. Exhibit No. 10, p. 10. Type of violation: Repeat, as Defendant had previously been cited for a violation of this OSHA standard.

20. On or about October 11, 2016, Defendant sent a letter to OSHA notifying the agency that it would "like to exercise [its] rights to contest the various citations and the proposed penalties indicated on the above subject inspection no. 1172199." Exhibit No. 11.

21. On October 17, 2016, Defendant informed OSHA by phone of his desire to participate in an informal conference. OSHA responded (and again on October 19, 2016 and October 20, 2019) that a contest and an informal conference could not proceed simultaneously and that the contest would have to be withdrawn to participate in an informal conference. Exhibit No. 12.

22. On or about October 21, 2016, Mr. Forstner emailed Defendant with a proposed informal settlement agreement that reduced the penalty reductions and grouped the Repeat violations into one penalty. Exhibit No. 13. The email instructed Defendant to respond by Monday. *Id.*

23. Defendant did not respond to Mr. Forstner's October 21, 2016 email, return the proposed informal settlement agreement, withdraw the contest, or schedule a time for an informal contest; as a result, OSHA processed Defendant's contest of the citations.

24. On or about November 3, 2016, the Commission sent a Notice of Docketing and Instructions to Employer for Defendant's contestation of the citations for inspection number 1172199. Exhibit No. 14.

25. In or about November 2017, the Commission issued its Decision and Order of

1   Dismissal of Notice of Contest (the "Decision"). Exhibit No. 15. The Decision found that

2   Defendant's conduct was contumacious and evinced a pattern of disregard. *Id.* The Commission

3   held that the citations and the complaint sufficiently described the violations and the standards

4   violated, that Defendant was in default, that Defendant's notice of contest was dismissed, that the

5   citations issued were affirmed in their entirety, and that penalties of $17,102.00 were assessed.

6   *Id.*

7          26. On or about November 20, 2017, Chief Judge Covette Rooney of the Commission

8   sent a Notice of Decision to Defendant informing the company that the Decision would be

9   submitted to the Commission's Executive Secretary on December 4, 2017, and that it would

10  become a final order of the Commission at the expiration of 30 days from the date of docketing

11  by the Executive Secretary unless a Member of the Commission directs that it be reviewed.

12  Exhibit No. 16. The notice also notified the Defendant of its right to file a petition for

13  discretionary review. *Id.*

14         27. On February 16, 2018, OSHA sent a collection letter to Defendant notifying

15  the company that payment of penalties associated with Inspection No. 1172199 were delinquent

16  and demanding immediate payment of $17,126.25. Exhibit No. 17.

17         28. On or about April 2, 2018, OSHA a follow up collection letter to Defendant

18  notifying the company again that payment of penalties associated with Inspection No. 1172199

19  were delinquent and demanding immediate payment of $17,164.76. Exhibit No. 18.

20         29. The citations and the assessments for Inspection Number 1172799 are a final

21  order of the Commission.

22         30. As of the date of this complaint, defendant has not paid any amount of the penalty

23  assessed although demand has been duly made. The amount due and outstanding for the August

24  25, 2016 violations is $17,972.88, including interest at the rate of 1% and a delinquency fee of

1   6% through April 10, 2019.

2                            **PRAYER FOR RELIEF**

3         WHEREFORE, Plaintiff demands judgment against Defendant, Northpac Corporation,

4   for Count One in the amount of $21,876.31 and Count Two in the amount of $17,972.88 for a

5   total of $39,849.19 as of April 10, 2019, plus accruing interest, costs and other proper relief.

6         So submitted this 22nd day of April, 2019.

7

8                                   SHAWN N. ANDERSON
                                    United States Attorney
                                    Districts of Guam and the NMI

9

10                   By:                     
                                  JESSICA F. WESSLING
                                  MIKEL W. SCHWAB

11                                   Assistant U.S. Attorneys

12

13

14

15

16

17

18

19

20

21

22

23

24

                                            9