

United States of America
OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION
1120 20th Street, N.W., Ninth Floor
Washington, DC 20036-3419

Phone:  (202) 606-5405                                             Fax:  (202)606-5409

### Notice of Decision

In Reference To:

**Secretary of Labor v. NORTH PAC CORPORATION, and its successors,**
**OSHRC Docket No.  16-1830**

1.   Enclosed is a copy of my decision.   It will be submitted to the Commission's Executive Secretary on
**December 4, 2017.** The decision will become the final order of the Commission at the expiration of
thirty (30) days from the date of docketing by the Executive Secretary unless, within that time, a Member
of the Commission directs that it be reviewed.   All parties will be notified by the Executive Secretary of
the date of docketing.

2.   Any party that is adversely affected or aggrieved by the decision may file a petition for discretionary
review by the Review Commission.   *A petition may be filed with this Judge within ten (10) days from*
*the date of this notice.   Thereafter, any petition must be filed with the Review Commission's*
*Executive Secretary within twenty (20) days from the date of the Executive Secretary's notice of*
*docketing.*   See paragraph No. 1. The Executive Secretary's address is as follows:

**Executive Secretary**
**Occupational Safety and Health**
**Review Commission**
**One Lafayette Center**
**1120 20th Street, N.W. - 9th Floor**
**Washington, D.C.  20036-3419**

3.   The full text of the rule governing the filing of a petition for discretionary review is 29 C.F.R.
2200.91 (2012).   It is appended hereto for easy reference, as are related rules prescribing posthearing
procedures.

COVETTE ROONEY
Chief Judge, OSHRC

DATED:   November 20, 2017
Washington, D.C.

GOVERNMENT
EXHIBIT

**16**



United States of America

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION

1120 20th Street, N.W., Ninth Floor

Washington, DC 20036-3457

|  |  |
|---|---|
| SECRETARY OF LABOR, | |
| Complainant, | |
| v. | OSHRC Docket No. 16-1830 |
| NORTH PAC CORPORATION, and its successors, | |
| Respondent. | |

## DECISION AND ORDER OF DISMISSAL OF NOTICE OF CONTEST

On September 30, 2016, the Occupational Safety and Health Administration (OSHA) issued a Citation and Notification of Penalty (Citation) to North Pac Corporation and its successors (Respondent) for alleged violations of the Occupational Safety and Health Act (OSH Act) at Northern Marianas College in Saipan, MP. The Citation resulted from OSHA inspection number 1172199. The Citation alleges Serious violations of 29 C.F.R. §§ 1926.404(a)(2), 1926.404(b)(1)(i), 1926.451(f)(14), as well as Repeat violations of 29 C.F.R. §§ 1926.404(b)(2), 1926.405(b)(1).[1] The Secretary proposes $5,700 in penalties for the items characterized as Serious and $11,402, for the items characterized as Repeat, for a total of $17,102 in proposed

---

[1] The Secretary relies on two citation items issued as result of OSHA inspection number 930163 to support the characterization of Citation 2, Items 1 and 2 as Repeat. Those previous citation items were affirmed by a final order on December 23, 2013.

penalties. The parties agree, and the record establishes, the Occupational Safety and Health Review Commission (Commission) has jurisdiction over this matter. (Compl. at 2, Answer at 1.)

For the reasons set forth below, the Secretary's October 3, 2017 Motion for Sanctions is GRANTED. Respondent's Notice of Contest is DISMISSED, the violations set forth in the Complaint are AFFIRMED, and a total of $17,102 in penalties is ASSESSED.

## I. Pre-Hearing Interactions with the Parties

Respondent received the Citation on October 7, 2016.[2] A few days later, in a letter dated October 11, 2016, it filed a Notice of Contest with OSHA, seeking to contest each citation item and the proposed penalties. Miguel Cruz, Jr. signed the Notice of Contest and lists the Respondent's address as P.O. Box 501031, Saipan MP 96950.[3] The Commission's Executive Secretary used this address to mail Respondent a Notice of Docketing and Instructions to Employer to Respondent on November 3, 2017.[4] The following day, on November 4, 2016, the Secretary filed his Complaint. Respondent filed its Answer to the Complaint on November 29, 2016.[5]

---

[2] The Secretary provided a copy of the postal receipt indicating a Miguel Cruz signed for a delivery mailed to P.O. Box 501031, Saipan MP 96950 on October 7, 2016. Respondent admitted that this has been its business address at all times material hereto. (Answer at 1.)

[3] The Notice of Contest identifies Miguel Cruz as Respondent's General Manager.

[4] The Docketing Notice included a post card that was to be returned to the Commission to verify Respondent had complied with the employee posting requirements of Commission Rule 7 for the Citation and Notice of Contest. *See* 29 C.F.R. § 2200.7. This verification postcard was returned to the Commission signed by Miguel Cruz, who's title is listed as "President and GM." The verification is dated November 18, 2016.

[5] After filing the Complaint, the Secretary moved to amend it in a Motion submitted on February 28, 2017. The amendment was limited to correcting two dates and the undersigned approved the Motion on March 16, 2017.

2

Discovery in this matter began on January 27, 2017, with the undersigned's order directing the parties to confer and submit planning recommendations (Planning Order). Other than agreeing to a different hearing date than the one specified in Planning Order, Respondent failed to confer with the Secretary regarding any of the other specified matters and did not jointly file planning recommendations with the Secretary as the Planning Order required. (April 27, 2017 Decl. of Sonya Shao (Shao Decl. I).)

After receiving the Secretary's planning recommendations, the undersigned scheduled a conference call via written notice to discuss the recommendations. When Respondent failed to have a representative join the conference call at the time specified in the notice, the undersigned called the number provided in Respondent's Notice of Contest. After several attempts, the Secretary's counsel and the undersigned were connected to a person identified as a manager. (Shao Decl. I.) This individual abruptly ended the call without engaging in any discussion. *Id.* Respondent never explained its failure to participate in this scheduled conference call.

Shortly after this call, on February 28, 2017, the Secretary served his First Set of Discovery Requests (Discovery Requests).[6]  To date, Respondent has failed to address the Discovery Requests appropriately. (Shao Decl. dated Oct. 31, 2017 (Shao Decl. IV).) The Secretary, as well as the undersigned, have made repeated attempts to engage Respondent to participate in discovery and comply with the prehearing procedures as set forth in the Commission Rules of Procedure (Commission Rules), 29 C.F.R. § 2200, *et seq.*, and the undersigned's orders. (Shao Decl. I, Shao Decl. dated Aug. 25, 2017 (Shao Decl. II); Shao Decl. dated Oct. 3, 2017 (Shao Decl. III); Shao Decl. IV.)

---

[6] The Discovery Requests consist of twelve interrogatories and four requests for documentary evidence. (Mot. to Compel, Ex. 1.)

3

Early in the process, on March 15, 2017, the Secretary's counsel contacted Respondent and confirmed its receipt of the Discovery Requests. (Shao Decl. I.) When Respondent failed to provide any information by the April 11, 2017 deadline to respond to the Discovery Requests, the Secretary's counsel called the Respondent and offered to extend the deadline until April 21, 2017. *Id.* This phone call was followed up with an email, which further explained how to respond to the Discovery Requests appropriately and advised Respondent to seek legal counsel. (Mot. to Compel, Ex. 3.) After the extended deadline passed, the Secretary's counsel sent another email on April 24, 2017, to learn whether Respondent intended to respond to the Discovery Requests. (Shao Decl. I.) When Respondent failed to respond to that email or otherwise contact the Secretary's counsel, the Secretary filed his Motion to Compel and For Sanctions (Motion to Compel) on April 27, 2017.

Respondent did not initially respond to the Motion to Compel, so the undersigned issued an Order to Show Cause (First Show Cause Order) on May 18, 2017. This First Show Cause Order directed Respondent to show cause as to why the Motion to Compel should not be granted. It also explained that a failure to respond would result in sanctions and that these sanctions may include the affirmance of all violations and the assessment of penalties without a hearing. Respondent received this First Show Cause Order on June 1, 2017, and submitted a response dated June 10, 2017 (June Response).[7] The June Response provided no explanation for why Respondent failed to fully comply with the Planning Order, participate in the February 17, 2017 conference call, or respond to the Discovery Requests. It only re-iterated the denials set forth in

---

[7] As with the prior mailings, Miguel Cruz signed for the delivery. The certified mail return receipt is dated June 1, 2017. Delivery was also confirmed using the tracking number and the U.S. Postal Service's website.

the Answer. Accordingly, the undersigned granted the Motion to Compel (Compel Order) on June 23, 2017. The Compel Order directed Respondent to respond to the Discovery Requests within fourteen days and informed the parties that a failure to comply would result in sanctions. Respondent received the Compel Order on July 6, 2017, and was required to respond by July 20, 2017.[8]

Rather than provide responses to the Discovery Requests by this deadline, Respondent informed the Secretary about a discrepancy in the description of the worksite set out in the Complaint. (Shao Decl. II.) After receiving this deficient one sentence response, the Secretary sought to confer with Respondent by telephone on August 25, 2017. *Id.* Respondent indicated that it would continue to refuse to respond to the Discovery Requests unless the discrepancy regarding the worksite was addressed.

The Secretary's counsel agreed to address the discrepancy and filed a Motion to Correct Inadvertent Error (Motion to Correct) on August 28, 2017. The correction concerns the fact that the Citation refers to the worksite as being at Building K at Northern Marianas College. However, Respondent clarified that the inspection site was actually located outside of Building J, which is adjacent to Building K. Both buildings are part of the Northern Marianas College campus. Respondent agreed to the correction and the undersigned granted the Motion to Correct on August 30, 2017.

Still, Respondent continued its failure to participate in the discovery process, leading the Secretary to file a Motion for Sanctions. In this Motion for Sanctions, the Secretary argued that

---

[8] Again, Miguel Cruz signed for the delivery and dated the certified mail return receipt July 6, 2017. Delivery was also confirmed using the tracking number and the U.S. Postal Service's website.

5

his case has been "undisputedly hampered" by Respondent's failure to produce any discovery. (Mot. for Sanctions at 5.) Months after receiving the Notice of Contest, the Secretary is still unaware of any claims or defenses Respondent seeks to assert, what evidence there is to support any such claim or defense, such as what witnesses might testify. *Id.* The Secretary also indicated it was concerned about whether there had been any spoliation of evidence. *Id.* The Motion for Sanctions sought a judgment by default because of the prejudice caused by Respondent's conduct. *Id.* Respondent did not file a response to the Motion for Sanctions.

While the Motion for Sanctions was pending, the Secretary sought leave to re-serve the Discovery Requests with the corrected building reference. Other than clarifying the building name, the discovery requests were identical to the ones served months earlier on February 28, 2017. The undersigned granted the Secretary's request in a September 8, 2017 Order (September Order) and gave Respondent until September 28, 2017, to respond to the corrected Discovery Requests. As with the prior deadlines, Respondent failed to comply. On October 2, 2017, the Secretary's counsel attempted to confer with Respondent by leaving a message with a secretary who answered the phone when the number provided was called. (Shao Decl. III.) Secretary's counsel also called the cell phone number provided and sent an email to Mr. Cruz, in each case trying to gain a response to the pending Discovery Requests.[9] *Id.*

Having been unsuccessful in multiple attempts to reach Respondent, the Secretary filed another Motion for Sanctions (Third Motion for Sanctions) on October 3, 2017. After receiving the Third Motion for Sanctions, the undersigned tried to reach Respondent to discuss its failure

---

[9] Secretary's counsel also attempted to confer with Mr. Cruz before the September 28, 2017 deadline by calling both phone numbers provided and sending an email. No one responded to these messages either. (Shao Decl. III.)

6

to comply with the past orders by notifying the parties in writing and directing them to call into a conference call on Friday, October 6, 2017.[10]  Respondent failed to join the call.

Due to the inability of either Secretary's counsel or the undersigned to reach Respondent, on October 11, 2017, the undersigned issued a second Order to Show Cause (Second Show Cause Order) directing the Respondent to show cause as to why the Third Motion for Sanctions should not be granted.  The Second Show Cause Order, like the First Show Cause Order, reminded Respondent that a failure to respond appropriately would result in sanctions, which could include the issuance of a default judgment affirming all the violations and assessing the proposed penalties.[11]

On October 16, 2017, Respondent sent an email to the undersigned's Administrative Assistant, acknowledging receipt of the Second Show Cause Order and indicating Respondent would participate in a hearing.  The email also expressed an interest in settling the matter.  In light of this email, the undersigned arranged for a conference call held to be held at 8:00 am Saipan time on October 24, 2017.

During the conference call, the undersigned explained that settlement discussions must be conducted in good faith and informed the parties they would be given until the end of the week to engage in settlement discussions.  The undersigned explicitly informed Respondent that it

---

[10] The Notice of Conference Call provided the time of the call across multiple time zones (EST, PST, and Saipan).  It was sent to the parties by both U.S. mail and email.  Neither the U.S. mail copy nor the emails were returned as undeliverable.

[11] The Second Show Cause Order was sent to the parties by certified mail.   Delivery was confirmed using the tracking number and the U.S. Postal Service's website.  In addition, courtesy copies of the October Order were emailed on October 11, 2017 to Mr. Cruz at the email he provided as well as another email included with the Notice of Contest that had been used for prior communications.  Neither of the emails was returned as undeliverable.

needed to respond to the pending Discovery Requests by October 27, 2017, unless a settlement was reached prior to that date. The undersigned re-iterated the need to participate in the process in good faith and informed Respondent that failing to comply with the Compel Order would result in sanctions, including the potential dismissal of the Notice of Contest. Respondent indicated that he understood the directions. Mr. Cruz also indicated that the best way to communicate with him was via email.

Following the call, the undersigned issued an Order on October 24, 2017 (October Order), which memorialized the instructions to respond to the Discovery Requests by Friday, October 27, 2017, unless the parties reached a settlement before then. The October Order was sent to the parties by certified mail. In addition, courtesy copies of the October Order were emailed on October 24, 2017 to Mr. Cruz at the email he provided as well as another email included with the Notice of Contest that had been used for prior communications. Neither of the emails was returned as undeliverable.

Secretary's counsel notified the undersigned by telephone and in writing that North Pac had not engaged in good faith settlement discussions and also failed to provide a response to the Discovery Requests by the October 27, 2017 deadline.[12] (Shao Decl. IV.) Respondent does not dispute either of these contentions. (Response to Second Show Cause Order dated October 31, 2017.) Instead, it only alleges that the inspection that led to the Citation was conducted without a management level employee present. *Id.*

To date, despite multiple orders, Respondent still has not appropriately responded to the Discovery Requests. The hearing date has already been repeatedly moved due to Respondent's

---

[12] As discussed above, this was the fifth deadline for providing a response to the Discovery Requests Respondent missed.

tactics.  After conferring with the parties, a hearing was scheduled for August 31, 2017.[13]  The February 16, 2017 Scheduling Order (February Scheduling Order) sets forth multiple deadlines for the parties, including a requirement to complete all discovery by June 19, 2017.   When Respondent still had not provided any discovery as required by the February Scheduling Order, the undersigned granted the Secretary's Motion for a Continuance and issued an Amended Scheduling Order on June 22, 2017.  The Amended Scheduling Order required the parties to confer and file a joint pre-hearing statement by October 3, 2017, and moved the hearing date to October 17, 2017.  Respondent failed to confer with the Secretary in a timely manner before this deadline, leading the undersigned to grant another continuance and move the hearing until December 19, 2017.  Despite these multiple extensions, Respondent still has not provided any information about its claims, defenses, or witnesses.  (Shao Decl. IV.)

## II.  Discussion

According to the Secretary, since filing its Answer, Respondent has engaged in a pattern of contumacious conduct by failing to participate in good faith in the discovery process as well as neglecting to respond appropriately to undersigned's orders, including the Motion to Compel. (Third Mot. for Sanctions at 5-6.)  As a result, the Secretary claims it has been unduly prejudiced and seeks a judgment of default.  *Id.*

Default judgments may be appropriate when a party fails to comply with an order compelling discovery.  29 C.F.R. § 2200.52(f) (sanctions for failing to comply with discovery requirements); 29 C.F.R. § 2200.101(a) (default appropriate when a party fails to proceed as

---

[13] The matter was initially set for a hearing to commence on July 5, 2017.  After subsequent discussions, the parties and the undersigned agreed to a hearing date of August 31, 2017.

provided by the Commission Rules or as required by a judge). Judges have very broad discretion to impose sanctions for noncompliance with orders or the Commission Rules. *See Sealtite Corp.*, 15 BNA OSHC 1130, 1134 (No. 88-1431, 1991) (affirming the sanction of dismissal). Still, dismissal is considered too harsh a sanction for failing to comply with certain prehearing orders unless the record shows contumacious conduct by the noncomplying party, prejudice to the opposing party, or a pattern of disregard for Commission proceedings. *Architectural Glass & Metal Co.*, 19 BNA OSHC 1546, 1547 (No. 00-0389, 2001) (re-instating a notice of contest when party failed to attend a single meeting when the party did not receive appropriate notice of the meeting). Failing to comply with Commission Rules and orders so as to delay proceedings may constitute contumacious conduct. *Carson Concrete Corp. v. Sec'y of Labor*, 21 BNA OSHC 1393, 168 Fed. Appx. 543 (3d Cir. 2006) (unpublished) (upholding default judgment for OSH Act violations when employer sought to disavow admission provided during discovery until a few days before trial).

Respondent's conduct is contumacious and evinces a pattern of disregard in that, as set out above, multiple USPS mailings were received, the undersigned's office contacted Respondent by the email provided, the undersigned spoke with Respondent about the need to proceed with discovery and yet, despite these communications, Respondent still has not responded to the Discovery Requests.[14] This is not an isolated situation or the excusable failure to comply with a deadline. The present matter involves a pattern of disregard for deadlines and an obstinate refusal to comply with orders. Respondent has failed to fully comply with the

---

[14] The undersigned notes that this matter is not Respondent's first experience with violations of the OSH Act. In 2013, it was cited for nine Serious violations of the OSH Act as well as two Repeat violations. These violations were affirmed as a final order on December 23, 2013.

Planning Order, February Scheduling Order, Compel Order, September Order, October Order, and the Amended Scheduling Order.

The undersigned provided explicit written warnings to Respondent informing it that the failure to appropriately and timely respond may result in Respondent being held in default and the dismissal of its Notice of Contest, the affirmance of the allegations set forth in the Complaint, and imposition of penalties. Respondent has failed to proceed as required by Commission Rules and multiple orders, including the Order to Compel. *See* 29 C.F.R. § 2200.52(f)(4) (authorizing judges to issue a judgment of default when a party refuses or obstructs discovery).

Commission judges have a duty "to assure that the facts are fully elicited, to adjudicate all issues, and avoid delay." 29 C.F.R. § 2200.67. To carry out this duty, Commission Rule 67(m), 29 C.F.R. § 2200.67(m), authorizes judges to take any action necessary (as long as it authorized by the Commission Rules). The Commission's prehearing procedures aid in the early formulation of issues, which benefits all parties during trial preparation as well as resulting in the more efficient use of Commission resources at both the hearing and review stages. *Architectural Glass*, 19 BNA OSHC at 1547. The imposition of appropriate sanctions is important to ensure compliance with prehearing procedures and to permit the fair and efficient adjudication of cases. *Id.*

Respondent does not dispute that the Secretary's ability to prepare for trial has been impaired and prejudiced by its failure to respond to the Discovery Requests and comply with the Planning Order and other orders. *See e.g., Adriana Intern. Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir. 1999) (upholding dismissal as a sanction for discovery abuses); *Wanderer v. Johnston,* 910 F.2d 652, 655 (9th Cir. 1990) (upholding the sanction of default and concluding that when defendants fail to produce any evidence, "prejudice is palpable").

11

It is noted that Respondent elected not to be represented by counsel.[15]  Not having counsel, does not obviate a party's obligation to engage in discovery.  All litigants, including those declining to hire counsel, must obey orders and to permit and respond to discovery as required by the Commission Rules.  *See JGB LLC,* 21 BNA OSHC 1402, 1403 (No. 04-2153, 2006) (vacating direction for review when unrepresented party failed to respond to a briefing notice); *Swimmer v. IRS,* 811 F.2d 1343, 1345 (9th Cir. 1987) ("Ignorance of court rules does not constitute excusable neglect, even if the litigant appears *pro se*").  An unrepresented employer must "exercise reasonable diligence in the legal proceedings" and "must follow the rules and file responses to a judge's orders, or suffer the consequences, which can include dismissal of the notice of contest."  *Wentzel d/b/a N.E.E.T. Builders,* 16 BNA OSHC 1475, 1476 (No. 92-2696, 1993) (citations omitted).  Still, the undersigned recognizes that sometimes unrepresented employers "can fail to grasp exactly what [it] is being asked to do."  *Id.*  Thus, where an employer has a substantial reason for having failed to comply with a discovery order, and where the employer's conduct also does not indicate disrespect toward the judge, the failure to comply may not necessarily be an indication of bad faith or contumacious conduct.  *Id.*

In this matter, Respondent's failure to participate in discovery has not been a matter of innocent oversight or inadvertence.  It has been repeatedly informed both verbally and in orders that failing to comply with the Commission Rules regarding discovery will result in the dismissal of its Notice of Contest and the affirmance of all citation items and the assessment of penalties.  This is not a situation involving less then fulsome disclosure or one where the substantive

---

[15] Respondent makes no claim that it cannot afford counsel.  Employers of limited means who hire counsel and successfully contest a citation can recover attorney fees and other expenses under the Equal Access to Justice Act, 5 U.S.C. § 504.  *See* 29 C.F.R. § 2204.

response was adequate even if there were procedural errors. *Cf. Wentzel*, 16 BNA OSHC at 1476 (re-instating a notice of contest when employer answered each interrogatory and document request briefly); *Arkansas Abatement Servs. Corp.*, 17 BNA OSHC 1163 (No. 94-2210, 1995) (excusing unrepresented party's mailings to the wrong location). Here, there has been no response to the Discovery Requests. Respondent repeatedly and willfully ignored orders as well as other instructions, including those from the undersigned. *See Imageries*, 15 BNA OSHC 1545 (No. 90-378, 1992) (affirming a default order when Respondent failed to respond to an order to show cause). Respondent's brief response to the Second Show Cause Order makes no claims about not receiving or understanding any of the Discovery Requests or any of the undersigned's prior communications and orders. *See Philadelphia Constr. Equip., Inc.*, 16 BNA OSHC 1128, 1131 (No. 92-889, 1993) (affirming dismissal when the party did not deny the facts showing a pattern of disregard for Commission proceedings). It has been given several extensions of time to respond to the Discovery Requests, even without it claiming that it lacked time to respond or did not comprehend some aspect of the proceedings.

The undersigned recognizes that a party has a strong interest in adjudicating its case on the merits. *See e.g., Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980). However, the Commission has limited resources and a "strong interest in preserving the integrity of its orders as well as deterring future misconduct." *Carson*, 21 BNA OSHC at 1395-96; *Trinity Indus., Inc.*, 15 BNA OSHC 1579, 1583 (No. 88-1545, 1991) (consolidated). The Commission adequately conveyed due notice to Respondent of its procedural rights and provided sufficient warning that its failure to comply with orders could result in the dismissal of its Notice of Contest and it being held in default. Respondent has failed to take advantage of multiple opportunities to advise the Commission that it provided discovery

13

or complied with past orders. Respondent's contumacious and prejudicial conduct warrants the sanction of dismissal under Commission Rule 52(f)(4), 29 C.F.R. § 2200.52(f)(4).

Accordingly, the undersigned finds that the Citation, coupled with the Complaint, sufficiently describe the violations and the standards violated.[16] Respondent is found to be in DEFAULT, its Notice of Contest is DISMISSED, and the Citation issued to Respondent on September 30, 2016, inspection number 1172199 is AFFIRMED in its entirety and penalties of $17,102 are ASSESSED.

## ORDER

1. Citation 1, Items 1a and 1b, setting forth violations of 29 C.F.R. § 1926.404 are AFFIRMED as serious violations and a penalty of $2,850 is ASSESSED.

2. Citation 1, Item 2, setting forth a violation of 29 C.F.R. § 1926.451(f)(14) is AFFIRMED as a serious violation, and a penalty of $2,850 is ASSESSED.

3. Citation 2, Item 1, setting forth a violation of 29 C.F.R. § 1926.403(b)(2) is AFFIRMED as a repeat violation, and a penalty of $5,701 is ASSESSED.

---

[16] In its Response to the Second Show Cause Order, Respondent does not challenge the substance of any of the allegations set forth in the Complaint or any of the Secretary's claims in the Third Motion for Sanctions. It only argues that the Third Motion for Sanctions should not be granted because the OSHA inspector allegedly failed to notify management before proceeding with the inspection. Even if fully credited, this contention would not preclude the affirmation of the violations. Technical violations of the OSH Act's provisions regarding inspections are insufficient to justify excluding all evidence of violations witnessed by the inspector. *See e.g., Hartwell Excavation Co. v. Sec'y of Labor*, 537 F.2d 1071, 1073 (9th Cir. 1976).

14

4. Citation 2, Item 2, setting forth a violation of 29 C.F.R. § 1926.405(b)(1) is AFFIRMED as a repeat violation, and a penalty of $5,701 is ASSESSED.

     SO ORDERED.

                                   _Covette Rooney_
                                   Covette Rooney
                                   Chief Judge, OSHRC

Dated:
        Washington, D.C.

15

## CERTIFICATE OF SERVICE

This is to certify that a copy of the Order was mailed to the parties listed below by first class mail on November 20, 2017.

Daniel J. Chasek, Associate Regional Solicitor
Office of the Solicitor
World Trade Center
350 South Figuera Street, Suite 370
Los Angeles, CA 90071-1202
Attn: Sonya Shao, Esquire


Miguel Cruz, General Manager
NORTH PAC CORPORATION
P.O. Box 501031
Saipan, MP   96950


*T.B. Dillard*
T. B. Dillard, Administrative Asst.


Post Office Address:
Chief Judge Covette Rooney
OSHRC
One Lafayette Center
1120 20th Str. N.W. - 9th Floor
Washington, D.C.   20036-3419
(202) 606-5405 FAX (202) 606-409